**IN THE COUNTY COURT OF THE**
**NINTH JUDICIAL CIRCUIT, IN AND FOR**
**ORANGE COUNTY, FLORIDA**

**PATRICK FULLERTON,**

     **Plaintiff,**

**vs.**                    **CASE NO.:**

**VISITING PHYSICIANS**
**ASSOCIATION, P.C., a Foreign For**
**Profit Corporation,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, PATRICK FULLERTON ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendant, VISITING PHYSICIANS ASSOCIATION, P.C., ("Defendant"), and in support thereof states as follows:

### INTRODUCTION

This is an action brought pursuant to the Florida Civil Rights Act of 1992 ("FCRA"), Florida Statutes §760.01, *et seq.*, to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering, injunctive relief, reasonable attorneys' fees and costs and any other relief to which Plaintiff is entitled including, but not limited to equitable relief.

### PARTIES

1.     Plaintiff is an adult individual who at all material times to this action resided in Orange County, Florida.

1

2.     Defendant, VISITING PHYSICIANS ASSOCIATION, P.C., is a Foreign For Profit Corporation, licensed and authorized to conduct business in the State of Florida.  At all times hereto, Defendant maintained a location in Orange County, Florida.

3.     Defendant was an employer as defined by the laws under which this action is brought and employs greater than fifteen (15) or more employees and is an "employer" within the meaning of the FCRA.

## JURISDICTION AND VENUE

4.     This is an action for damages that exceeds the sum of THIRTY THOUSAND DOLLARS ($30,000.00), exclusive of costs, interest and attorneys' fees (The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court). Accordingly, Plaintiff has entered "$30,001" in the civil cover sheet for the "estimated amount of the claim" as required in the preamble to the civil cover sheet for *jurisdictional purposes only* (the Florida Supreme Court has ordered that the estimated "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only).  The actual value of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

5.     Defendant is and was at the time of all incidents described herein, operating in Orange County, Florida, and is within the jurisdiction of this Court.  Therefore, venue is proper in this court.

6.     Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), on April 10, 2020.  On August 24, 2020, the EEOC issued its right-to-sue letter.  Therefore, this complaint is being filed within 90 days of Plaintiff receiving his right-to-sue letter.

2

## FACTUAL ALLEGATIONS

7.      Plaintiff was hired by Defendant in or about April 2019.

8.      Plaintiff was hired as a Family Practice and Urgent Care Medical Director.

9.      As part of Plaintiff's job duties, Plaintiff, along with a medical assistant, would travel to patient's homes and tend to their care.

10.     A little more than a week prior to Plaintiff's hiring, Plaintiff fell down a flight of stairs and tore ligaments in his hand.

11.     Plaintiff ultimately needed emergency surgery due to his injury.

12.     Once employed, but before his surgery, a medical assistant would drive Plaintiff to and from patient's homes. An assistant was needed because Plaintiff was unable to drive himself due to his injuries.

13.     Plaintiff worked for approximately six (6) weeks until he needed emergency surgery on Sunday, June 9, 2019.

14.     After Plaintiff's surgery, Plaintiff was able to resume his primary duties but he was unable to write due to his surgery.

15.     Plaintiff required the assistance of a scribe.

16.     Plaintiff requested this accommodation from the Florida Director of Operations. The request was initially approved but less than a week later the request was denied.

17.     No reason was given to Plaintiff for the denial of his request.

18.     Plaintiff was not allowed to work from the date of his surgery until his termination on February 10, 2020.

## COUNT I
## DISABILITY DISCRIMINATION UNDER THE FCRA

19.    Plaintiff re-alleges and adopts the allegations of paragraphs (1) through (18) above as if fully set forth herein.

20.    Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

21.    Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

22.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

23.    Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

24.    Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

25.    Plaintiff has suffered pecuniary losses as a direct result of Defendant's unlawful discrimination.

26.    As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, PATRICK FULLERTON, prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits and/or lost earning capacity;

d.    Compensatory damages for emotional pain and suffering;

e.  Injunctive relief;

f.  Prejudgment interest;

g.  Costs and attorney's fees; and

h.  Such relief as the Court may deem just and proper.

## COUNT II
## FAIRLURE TO ACCOMMODATE  IN VIOLATION OF DISCRIMINAITON UNDER THE FCRA

27.  Plaintiff re-alleges and adopts the allegations of paragraphs (1) through (18) above as if fully set forth herein.

28.  Plaintiff's condition was a disability as defined by the FCRA since it substantially limited one or more of Plaintiff's major life activities.

29.  Plaintiff was qualified to perform, and could perform, the essential functions of his job, with a reasonable accommodation – mainly that he be provided with a scribe to take notes on his patient visits.

30.  Plaintiff was already utilizing his medical assistant to drive him to patient visits and therefore, requiring the medical assistant to also assist in taking notes was reasonable.

31.  Plaintiff asked for a reasonable accommodation, however, Defendant refused to engage in the interactive process.

32.  As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits and reasonable attorney's fees and costs.

33.  Defendant engaged in discrimination against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

34.  Plaintiff suffered emotional pain and mental anguish as a direct result of Defendant's unlawful discrimination.

35.     As a result of Defendant's unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

**WHEREFORE**, Plaintiff, PATRICK FULLERTON, prays for a trial by jury and all legal and equitable relief allowed by law including:

a.      Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits and/or lost earning capacity;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such relief as the Court may deem just and proper.

**<u>Plaintiff specifically reserves the right to amend his Complaint to seek punitive damages against Defendant</u>**

Respectfully submitted on this 30th day of October, 2020.

**s/ JAMES J. HENSON**
**James J. Henson, Esq.**
Florida Bar No.: 77476
Ryan D. Naso, Esq
Florida Bar No.: 1010800
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Direct Tel.: (407) 428-6241
Fax: (407) 245-3342
Email: jjhenson@forthepeople.com
       ssiagel@ForThePeople.com
Counsel for Plaintiff
